IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN R. PEARCE, | No. 2:23-CV-0101-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| KORY L. HONEA, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

1

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff Nathan Richard Pearce's original complaint. See ECF No. 1. Plaintiff names the following as defendants: (1) Kory L. Honea, Sheriff; (2) Daryl Hovey, captain and jail commander; (3) Tarah Foster, medical program manager; and (4) Wellpath. Id. at 1. The alleged violations took place at the Butte County Jail. Id. Plaintiff claims his rights under the Eighth Amendment's Cruel and Unusual Punishment Clause were violated. Id. at 3.

Plaintiff claims that he has been submitting requests to see the dentist at the Butte County Jail for multiple teeth causing severe pain since approximately December 5, 2022. Id. Plaintiff has multiple request logs from December 11, 2022, to January 1, 2023. Id. On December 23, 2022, Plaintiff was seen by the jail dentist who examined and x-rayed one tooth, despite multiple teeth causing him pain. Id. Three shots of numbing agent were administered to the area around the examined tooth. Id. A root canal was determined to be the plan of action, but the tooth was too sensitive to be worked on. Id. The dentist determined that Plaintiff should start a regimen of antibiotics and see Plaintiff again the following week. Id. However, Plaintiff has yet to be seen by the dentist. Id. Since the appointment with the dentist, the numbing agent has worn off and the pain has worsened. Id. Plaintiff claims that the antibiotics and Tylenol have been ineffective. Id.

/ / /

/ / /

Plaintiff claims that the failure to receive prompt dental care violates his rights under the Eighth Amendment's Cruel and Unusual Punishment Clause. Id. at 4. The relief Plaintiff seeks is to receive immediate dental treatment, or immediate release from custody so he may be able to obtain treatment in the community. Id. at 5.

## II. DISCUSSION

Plaintiff fails to state cognizable claims against any named defendant. Plaintiff has failed to allege any facts linking any defendants to a constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, Plaintiff names four defendants. See EFC No. 1. Plaintiff claims the failure to receive prompt dental care violated his rights under the Eighth Amendment. Id. at 4. Plaintiff, however, only makes vague references to the named defendants, but does not state with any particularity how they were involved in the alleged violation. Plaintiff will be provided an opportunity to amend in order to state facts explaining how each named individual defendant as well as Wellpath violated his constitutional rights with respect to his dental care.

///

///

///

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

/ / /

/ / /

/ / /

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: January 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE